UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT NOEL,

    Plaintiff,

                                      Case No. 10-13355

v.

                                      Honorable Patrick J. Duggan

CARRIE GUERRERO, Detective, et al.,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 6, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On August 24, 2010, Robert Noel ("Plaintiff"), a federal prisoner currently confined at the Elkton Correction Institution in Lisbon, Ohio, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges that detectives fabricated stories concerning drug purchases, ultimately leading to his arrest, prosecution, and conviction. On January 24, 2011, Plaintiff filed a motion to hold in abeyance his claims dealing with searches that occurred on August 3, 2007 and July 24, 2008, as the appeal of his criminal conviction remains pending in the Sixth Circuit Court of Appeals. This Court referred the motion to Magistrate Judge Charles E. Binder.

On April 4, 2011, Magistrate Judge Binder filed his Report and Recommendation

(R&R). Magistrate Judge Binder advises that before a prisoner may recover damages in a civil rights action that would render his conviction or sentence invalid, he must prove that the conviction has been reversed, expunged, declared invalid by a state tribunal, or called into question by issuance of a writ of habeas corpus. R&R 2 (citing *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372 (1994)). Because a civil rights action cannot be stayed to allow a prisoner to satisfy *Heck*'s requirement, *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S. Ct. 1584, 1589 (1997), Magistrate Judge Binder recommends construing Plaintiff's motion to stay as a motion for voluntary dismissal. Magistrate Judge Binder recommends that this Court dismiss Plaintiff's action without prejudice to refiling, should he prevail in the appeal of his conviction. At the conclusion of the R&R, Magistrate Judge Binder advises the parties that they may seek review of the R&R within fourteen days of service upon them. R&R 3. He further advises that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." *Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)).

  The Court received timely objections from Defendants Russell Perry and Kenneth Sasse, who were each appointed to represent Plaintiff during his criminal trial. They assert that they have filed motions to dismiss or for summary judgment that do not rely on *Heck*. Perry and Sasse contend that they did not act under color of state law for purposes of § 1983, and that Plaintiff has not made allegations sufficient to state a conspiracy claim under § 1985. Perry argues that if Plaintiff succeeds in appealing his conviction and refiles this action, Defendants would be required to contest meritless claims a second time.

Plaintiff filed an objection to the R&R on June 17, 2011. Plaintiff asserts that he was not served with the R&R, and only learned of it through the objections filed by Defendants Perry and Sasse. Although the R&R contains a certificate of service indicating that it was mailed to Plaintiff, the Court will presume that Plaintiff did not receive it, and therefore addresses Plaintiff's objection. Plaintiff objects to Magistrate Judge Binder's conclusion that *Heck* bars this action. Plaintiff argues that his claims also involve a search performed on September 4, 2008, and he has not been convicted of any crimes relating to this search. Plaintiff contends that he should be permitted to continue his suit with respect to these claims.

Defendants Campbell, Larrison, Rice, Uribe, and Deasy filed a response to Plaintiff's objections on July 1, 2011, arguing that the proposed bifurcation of claims is inappropriate because the requested damages arise from Plaintiff's allegedly unlawful arrest, conviction and incarceration. The Court agrees. Plaintiff essentially seeks compensation for his allegedly unlawful conviction, but he may not raise this claim until the conviction is reversed, expunged, declared invalid by a state tribunal, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 487, 114 S. Ct. at 2372 (1994). The relief sought by Plaintiff does not readily permit a bifurcation of claims. The Court therefore rejects Plaintiff's objection and construes his motion as a motion to voluntarily dismiss.

Federal Rule of Civil Procedure 41(a) governs a motion to voluntarily dismiss a suit. The plaintiff may dismiss his action without a court order if he files a notice of dismissal before his opponent serves either an answer or a motion for summary judgment, or if all parties stipulate to dismissal. Fed. R. Civ. P. 41(a)(1). Otherwise, a plaintiff may only

dismiss his action by seeking an order from the Court. Fed. R. Civ. P. 41(a)(2). The Court has discretion in determining whether to grant dismissal under Rule 41(a)(2). *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.*

> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.*

Because Defendant Perry filed his motion for summary judgment before Plaintiff filed his motion for voluntary dismissal, Rule 41(a)(2) governs Plaintiff's motion. The Court finds no plain legal prejudice that would result here. It does not appear that Plaintiff has engaged in tactics to delay the resolution of his claims. As for diligence, while Plaintiff filed an action that appears to be barred by *Heck*, he has also attempted to remedy this issue by requesting a stay in the proceedings. The need for dismissal has been explained, as Plaintiff specifically noted his pending appeal. Although Defendants have prepared dispositive motions, there is no indication that their effort has been so extensive as to establish plain legal prejudice. Because the greatest apparent burden on Defendants is the prospect of a second suit if Plaintiff prevails in his appeal, the Court believes that Plaintiff's motion should be granted.

The Court is aware that dismissal without prejudice potentially burdens Defendants, who may be required to defend against Plaintiff's claims a second time. Rule 41 addresses this burden. If a plaintiff who dismissed a previous action files a new action based on or including the same claim against the same defendant, the Court may require the plaintiff to pay the costs of the action and stay the proceedings until the plaintiff has complied. Fed. R. Civ. P. 41(d). Application of this Rule can ensure that Defendants bear the expense of defending against Plaintiff's claims only once.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for voluntary dismissal is **GRANTED**, and Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**.

>   s/PATRICK J. DUGGAN
>   UNITED STATES DISTRICT JUDGE

Copies to:

Kenneth G. Galica, Esq.
Erik A. Grill, Esq.
Amy L. Lusk, Esq.
Monika L. Sullivan, Esq.
Laura A. Sagolla, Esq.
Jamie H. Nisidis, Esq.
Patrick D. Filbin, Esq.
Jonathan S. Ludwig, Esq.

Robert Noel, #42345-039
Elkton Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432